COOLEY LLP
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
LEO P. NORTON (216282)
(lnorton@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:  (858) 550 6000
Facsimile:   (858) 550-6420

PETER J. BRODY (310282)
(pbrody@cooley.com)
1333 2nd Street
Suite 400
Santa Monica, CA  90401
Telephone:  (310) 883-6400
Facsimile:   (310) 883-6500

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA CHAISSON and GRACE CHONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. 1332, 1441, 1446, 1453]**<br><br>[*Filed concurrently with Civil Cover Sheet, Declaration of Erik Brink, Declaration of Leo P. Norton AND Federal Rule of Civil Procedure 7.1 Disclosure Statement and Local Rule 7.1-1 Notice of Interested Parties*] |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendant University of Southern California ("USC") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles, where the action is now pending, to the United States District Court for the Central District of California. This civil action is removed on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. For the reasons set forth below, this court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

## PROCEDURAL HISTORY

### A. The Initial Complaint.

1. On July 14, 2020, Plaintiffs Alejandra Chaisson ("Plaintiff Chaisson") and Grace Chong ("Plaintiff Chong") (collectively "Plaintiffs") commenced a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled *Alejandra Chaisson and Grace Chong, individually and on behalf of all others similarly situated v. University of Southern California*, Case No. 20STCV27062.

2. The complaint, which was styled as a class action, alleged four causes of action: (i) violation of California Civil Code section 1671(d); (ii) violation of California Civil Code section 3275; (iii) unlawful business practices in violation of the Unfair Competition Law, California Business and Professions Code sections 17200 *et seq.* ("UCL"); and (iv) unfair business practices in violation of the UCL. Declaration of Leo P. Norton ("Norton Decl."), Ex. 1, ¶¶ 33-64. In sum, Plaintiffs asserted in the Complaint that certain fees charged by USC – the "Late Fees" – violated these statutes because such fees amount to void liquidated damages.

3. In the Complaint, Plaintiffs sought to certify a class of:

> All current or former students of USC who reside in California and paid or were charged one or more Late Fees imposed by Defendant within the past four years. Any judicial officer to whom the Action is assigned is excluded from the Class.

Norton Decl., Ex. 1, ¶ 25.

4. USC was subsequently served with the summons and complaint on August 19, 2020. A true and correct copy of the Complaint is attached as **Exhibit 1** to the Norton Declaration. A true and correct copy of the proof of service of summons that Plaintiffs filed in the Superior Court is also attached as **Exhibit 1** to the Norton Declaration.

5. On August 5, 2020, the Court issued an order setting an initial status conference. A true and correct copy of that order is attached as **Exhibit 2** to the Norton Decl. On the same day, the Court entered a minute order staying the action pending the initial status conference. A true and correct copy of that order is attached as **Exhibit 3** to the Norton Declaration. On September 9, 2020, the Court entered an order re-setting the initial status conference to December 7, 2020. A true and correct copy of that order is attached as **Exhibit 4** to the Norton Declaration.

6. The parties jointly filed a proposed case management order on November 19, 2020. A true and correct copy of that filing is attached as **Exhibit 5** to the Norton Declaration.

7. On December 7, 2020, the Court issued a case management order. A true and correct copy of that order is attached as **Exhibit 6** to the Norton Declaration. On the same day, the Court issued a further order authorizing electronic service. A true and correct copy of that order is attached as **Exhibit 7** to the Norton Declaration.

8. On January 5, 2021, the Court issued a minute order setting a telephonic conference. A true and correct copy of that order is attached as **Exhibit 8** to the Norton Declaration.

9. On January 12, 2021, the parties filed a joint status report. A true and correct copy of that report is attached as **Exhibit 9** to the Norton Declaration. Then,

1 having received that joint report, the Court issued an order cancelling a previously set conference and authorizing USC to file a challenge to the complaint. A true and correct copy of that order is attached as **Exhibit 10** to the Norton Declaration.

10. On January 26, 2021, USC filed two motions challenging the complaint – a demurrer and a motion to strike. A true and correct copy of USC's demurrer to the complaint, together with the supporting papers filed in connection with that motion, is attached as **Exhibit 11** to the Norton Declaration. A true and correct copy of USC's motion to strike, together with the supporting papers filed in connection with that motion, is attached as **Exhibit 12** to the Norton Declaration.

11. Plaintiffs opposed the demurrer and motion to strike on February 25, 2021. True and correct copies of Plaintiffs' opposition papers are attached as **Exhibits 13** (demurrer opposition) and **14** (motion to strike opposition) to the Norton Declaration. USC filed its reply papers on March 10, 2021. True and correct copies of USC's reply papers are attached as **Exhibits 15** (demurrer reply) and **16** (motion to strike reply) to the Norton Declaration.

12. The Court granted USC's demurrer and motion to strike in part on March 25, 2021. Specifically, the Court sustained the demurrer as to Plaintiffs' section 1671(d) claim and granted the motion to strike as to Plaintiffs' challenge to USC's 1% monthly finance charge. True and correct copies of the Court's orders on the motions are attached as **Exhibit 17** to the Norton Declaration.

B. **The First Amended Complaint.**

13. On April 14, 2021, Plaintiffs filed their First Amended Complaint, which asserted three causes of action: (i) violation of California Civil Code section 3275; (ii) unlawful business practices in violation of the UCL; and (iii) unfair business practices in violation of the UCL. Norton Decl. Ex. 19, ¶¶ 33-57. A true and correct copy of the First Amended Complaint is attached as **Exhibit 18** to the Norton Declaration.

14. The First Amended Complaint maintained the same class definition as

the original Complaint:

> All current or former students of USC who reside in California and paid or were charged one or more Late Fees imposed by Defendant within the past four years. Any judicial officer to whom the Action is assigned is excluded from the Class.

Norton Decl., Ex. 18, ¶ 25.

15. On April 15, 2021, the parties filed a stipulated protective order. A true and correct copy of that stipulated protective order, together with the proof of service filed in connection with that document, is attached as **Exhibit 19** to the Norton Declaration.

16. The Court entered the protective order on April 21, 2021. A trued and correct copy of the Court's order is attached as **Exhibit 20** to the Norton Declaration.

17. On April 26, 2021, the parties filed a stipulation permitting Plaintiffs to file a second amended complaint. A true and correct copy of that stipulation, together with the proposed order and proof of service filed in connection with that stipulation, is attached as **Exhibit 21**.

18. The Court entered the stipulation on May 3, 2021. A true and correct copy of that order is attached as **Exhibit 22**.

    **C.    The Second Amended Complaint.**

19. Plaintiffs filed their Second Amended Complaint on May 11, 2021. That Second Amended Complaint ("SAC"), which is the operative pleading, asserts claims for: (i) violation of California Civil Code section 3275; (ii) unlawful business practices in violation of the UCL; (iii) unfair business practices in violation of the UCL; and (iv) violation of California Civil Code section 1671(b). *See* Norton Decl. Ex. 23, ¶¶ 33-65. A true and correct copy of the Second Amended Complaint is attached as **Exhibit 23** to the Norton Declaration.

20. Again, the SAC maintained the same class definition as the original Complaint:

> All current or former students of USC who reside in California and paid or were charged one or more Late Fees imposed by Defendant within the past four years. Any judicial officer to whom the Action is assigned is excluded from the Class.

Norton Decl., Ex. 23, ¶ 25.

21. On June 9, 2021, the Court entered an order setting a telephonic conference. A true and correct copy of that order is attached as **Exhibit 24**.

22. On June 14, 2021, the parties filed a joint report regarding USC's proposed motion to strike the jury demand in the SAC. A true and correct copy of that filing is attached as **Exhibit 25** to the Norton Declaration. The Court denied USC the opportunity to make that motion without prejudice to renewing the argument later in a minute order dated June 17, 2021. A true and correct copy of that minute order is attached as **Exhibit 26** to the Norton Declaration.

23. USC answered the SAC on June 25, 2021. A true and correct copy of USC's answer is attached as **Exhibit 27** to the Norton Declaration.

24. On July 22, 2021, the parties filed a joint statement regarding the case status. The Court entered the parties' proposed schedule by minute order on July 28, 2021. True and correct copies of those documents are attached as **Exhibits 28** (joint statement) and **29** (minute order) to the Norton Decl.

25. On January 21, 2022, the parties filed a stipulation and proposed order to extend the case deadlines pending mediation. The Court approved the stipulation by order entered on February 3, 2022. True and correct copies of these documents are attached as **Exhibits 30** (stipulation and proposed order) and **31** (order) to the Norton Declaration.

**D. Plaintiffs' Motion for Class Certification.**

26. On June 22, 2022, Plaintiffs filed their motion for class certification. In their motion, Plaintiffs changed their class definition, expanding it from a California-only putative class to a nationwide class:

> All current and former students of USC who paid or were charged one or more Late Fees imposed by USC from July 14, 2016 to the date that class notice is disseminated, and who have not received a full refund or waiver of such fees. Any judicial officer to whom the Action is assigned is excluded from the class.

For purposes of the class definition, Plaintiffs defined "Late Fees" to include "late registration fees, late settlement fees, and 1% finance charges for late balances." Norton Decl., Ex. 31, at 8.

27. Pursuant to the parties' protective order, Plaintiffs filed their motion for class certification and supporting documents partially under seal. True and correct copies of Plaintiffs' un-redacted, conditionally-sealed motion for class certification and supporting papers are attached hereto as **Exhibits 32** (motion and memorandum of points and authorities); **33**, **34**, and **35** (Krivoshey declaration, in three parts); **36** (trial plan); and **37** (proposed order) to the Norton Declaration.

28. Pursuant to the protective order, Plaintiffs also publicly filed redacted versions of their motion and the Krivoshey declaration. True and correct copies of those filings are attached as **Exhibits 38** (motion and memorandum of points and authorities), **39** (Krivoshey declaration), and **40** (notice of lodging of documents conditionally under seal).

29. On the same day, Plaintiffs filed a motion to seal their class certification motion and supporting papers. True and correct copies of that motion and its supporting papers are attached as **Exhibits 41** (motion and memorandum of points and authorities); **42** (Krivoshey declaration); and **43** (proposed order) to the Norton Declaration.

30. Also on the same day, the parties filed a stipulation to permit USC to take the deposition of one class plaintiff (Plaintiff Chaisson) on June 23, 2022. A true and correct copy of that stipulation is attached as **Exhibit 44** to the Norton Declaration.

31. On July 18, 2022, USC filed a brief in support of Plaintiffs' motion to

seal their motion for class certification and supporting papers. That brief, the accompanying declaration, and the associated proof of service are attached as **Exhibit 45** to the Norton Declaration.

32. These **Exhibits 1-45** attached to the Norton Declaration. constitute all process, pleadings, and other orders served upon or by Defendant in this matter. Norton Decl., ¶ 34.

## TIMELINESS OF REMOVAL

33. As defined in the original, First Amended, and Second Amended Complaints Plaintiffs' class was limited to California residents:

> All current or former students of USC who reside in California and paid or were charged one ore more Late Fees imposed by Defendant within the past four years. Any judicial officer to whom the Action is assigned is excluded from the Class.

Norton Decl., Ex. 1, ¶ 25; *id.*, Ex. 17, ¶ 25; *id.*, Ex. 23, ¶ 25. Plaintiffs also specifically disclaimed federal jurisdiction:

> Federal court subject matter jurisdiction over this action does not exist. Diversity of citizenship does not exist. Plaintiffs assert no federal question or violations of federal law in this Complaint. Plaintiffs' individual claims do not exceed $75,000.

Norton Decl., Ex. 1, ¶ 9; *id.*, Ex. 17, ¶ 9; *id.*, Ex. 23, ¶ 9.

Because USC is a California citizen for jurisdictional purposes, on the face of the prior complaints, this single-state California-only class lacked total diversity required to remove on diversity grounds under 28 U.S.C. §§ 1332 and 1446 or minimal diversity required to remove under CAFA. *See, e.g.*, *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1345-46 (11th Cir. 2017) (finding no CAFA removal in class action where plaintiffs "restricted their class to 'Georgia citizens,'" as "the plaintiffs are Georgia citizens and the corporate defendants are Georgia . . . citizens").

34. But in their motion for class certification, Plaintiffs changed their class

definition, expanding a putative California-only specific class into a putative national class:

> All current and former students of USC who were paid or charged one or more Late Fees imposed by USC from July 14, 2016 to the date that class notice is disseminated, and who have not received a full refund or waiver of such fees. Any judicial officer to whom the Action is assigned is excluded from the Class.

Norton Decl., Ex. 38 at 8.

35. This notice of removal is therefore timely because it is filed within thirty (30) days from June 22, 2022, the date on which USC received Plaintiffs' motion for class certification, which changed the class definition and which is a "motion . . . from which" USC could first "ascertain[] that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189-90 (9th Cir. 2015) (holding removal under CAFA allowed where class certification order "created a new amount in controversy"); *Dancel v. Groupon, Inc.*, 2018 WL 11141880, at *2 (N.D. Ill. Dec. 4, 2018) (holding change in definition at class certification, from state-specific class to national class, supported removal).

36. Further, pursuant to CAFA, 28 U.S.C. § 1453(b), the one-year limit on removal set out in 28 U.S.C. § 1446 is inapplicable to this case. *See, e.g.*, *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (holding that in removal under CAFA, "the one year time limit for removal set forth in § 1446(b) does not apply"). Accordingly, this notice of removal is timely under 28 U.S.C. §§ 1446 and 1453.

37. USC will give Plaintiffs written notice as required under 28 U.S.C. § 1446(d) by serving Plaintiffs, through their counsel of record, with this notice of removal and all documents filed in support thereof and concurrently herewith on the date of filing of this notice of removal.

# SUBJECT MATTER JURISDICTION

38. Under CAFA, a district court shall have original jurisdiction over any civil action styled as a class action in which: (i) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (ii) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (iii) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2) & (d)(5). If a state court putative class action meets all three requirements, it may be removed to federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]").

39. CAFA jurisdiction exists here.

**A.    The Proposed Class Exceeds 100 Members.**

40. Plaintiff seeks to certify a class defined as "All current and former students of USC who were paid or charged one or more Late Fees imposed by USC from July 14, 2016 to the date that class notice is disseminated, and who have not received a full refund or waiver of such fees." Norton Decl., Ex. 38, at 8.

41. Plaintiffs contend that over 47,000 USC students "were charged late fees during the class period." *Id.*, at 15. Further, in the SAC, Plaintiffs allege that their California-only class consisted of "at least thousands of individuals" – a number that has surely grown now that Plaintiffs have sought to expand the putative class definition from California-only to nationwide. Norton Decl., Ex. 23, ¶ 27.

42. Accordingly, without conceding liability, the appropriateness of class treatment, the appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claims for relief, if the allegations in the SAC and the motion for class certification are accepted as true, there are more than 100 proposed class members. *See, e.g.*, *Phillips v. Wellpoint, Inc.*, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the

proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

43. Accordingly, CAFA's first requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### B. The Amount in Controversy Exceeds $5 Million.

44. Plaintiffs' SAC, as modified by the motion for class certification, does not set out a specific amount of damages, though the amount in controversy is ascertainable from the allegations set forth in the SAC and as stated in the unredacted motion for class certification filed provisionally under seal in state court. In such circumstances, a defendant "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and the defendant's amount in controversy allegation should be accepted if not contested by the plaintiff or questioned by the court." *Varsam v. Lab. Corp. of Am.*, 2015 WL 4199287, at *1 (S.D. Cal. July 13, 2015); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (same). If contested, removal is proper so long as the defendant establishes by a preponderance of evidence that a plaintiff demands in excess of $5 million in damages in the aggregate for himself or herself and the putative class. *See Abrego Abrego*, 443 F.3d at 683 ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.").

45. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*,

2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007). A defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (emphasis in original; internal quotation marks omitted).

46. Here, Plaintiffs seek the return of all Late Fees that (1) were charged and paid during the Class Period *and* (2) were charged during the Class Period and which have not yet been waived. Norton Decl., Ex. 38, at 15. In their unredacted motion for class certification, Plaintiffs specifically state the amount at issue, and it is well over $5 million. *Id*., Ex. 32, at 9.

47. Without conceding liability, the existence or non-existence of any offsets or other means by which Plaintiffs' claimed damages can be reduced, the appropriateness of class treatment, the appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claims for relief, Plaintiffs seek to recover well in excess of $5 million in Late Fees. *See Muniz*, 2007 WL 1302504, at *4 ("[P]laintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%" and plaintiff "is the master of [his] claims, and if [he] wanted to avoid removal, [he] could have alleged facts specific to [his] claims which would narrow the scope of the putative class or the damages sought.") (internal alterations and quotation marks omitted).

48. Moreover, under CAFA, the potential cost of an attorneys' fee award should also be considered when calculating the amount in controversy. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("We have held that attorneys' fees were properly included in the amount in controversy in a class action."), *overruled on other grounds*, *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013); *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, at *3, *5 & n.4 (C.D. Cal. July 11, 2005) (holding that under CAFA, the amount put in controversy includes the potential fee award); *see also Tompkins v. Basic Research LL*, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22, 2008) (including 25% of the common

fund for attorneys' fees when calculating amount in controversy).

49. Here, Plaintiffs' SAC seeks attorneys' fees. Norton Decl. Ex. 23, at 17 ¶ E.

50. Without conceding liability or the appropriateness of Plaintiffs' request for attorneys' fees, such fees could also be significant because this is a putative nationwide class action with, according to Plaintiffs, "thousands" of class members. Norton Decl. Ex. 24, ¶ 27. Plaintiffs' request for attorneys' fees takes the amount in controversy far beyond the statutory threshold. *See* 28 U.S.C. § 1332(d)(2).

51. Accordingly, CAFA's second requirement is satisfied. *Id.*

### C. The Parties Are Citizens of Different States

52. Under CAFA, federal courts have jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(B).

53. USC is a citizen of California. Accordingly, minimal diversity exists if any member of plaintiffs' proposed class is a citizen of a state other than California.

54. At least one member of the alleged putative class is a citizen of a State outside of California. Indeed, approximately 60% of USC students during the alleged class period had permanent addresses in states outside of California, but in the United States, or have permanent addresses outside of the United States. (Brink Decl., ¶ 4.)

55. Consequently, the third prong of CAFA is satisfied. 28 U.S.C. § 1332(d)(2)(A).

### VENUE

56. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was originally pending in this judicial district – specifically, in the Superior Court of the State of California for the County of Los Angeles.

57. Promptly after filing this notice of removal with this Court, USC will give notice to Plaintiff's counsel and file a copy with the Clerk of the Los Angeles

County Superior Court, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

58. Based on the foregoing, USC removes the civil action filed in the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

Dated: July 18, 2022                                COOLEY LLP


By:/s/Leo P. Norton
   Leo P. Norton

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA