# EXHIBIT 1





**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
        jsmith@bursor.com
        ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SBN 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*



FILED
Superior Court of California
County of Los Angeles

JUL 1 4 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By                              , Deputy
   Isaac Lovo



RECEIVED
JUL 1 4 2020
FILING WINDOW

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ALEJANDRA CHAISSON and GRACE
CHONG, individually and on behalf of all others
similarly situated,

        Plaintiffs,

        v.

UNIVERSITY OF SOUTHERN CALIFORNIA,

        Defendant.

Case No. **20STCV27062**

CLASS ACTION

**COMPLAINT**

COMPLAINT

1    Plaintiffs, individually and on behalf of all others similarly situated, make the following

2  allegations upon information and belief, except as to allegations specifically pertaining to

3  Plaintiffs, which are based on their personal knowledge.

4                                    **NATURE OF THE ACTION**

5    1.    This is a class action brought on behalf of Plaintiffs and other similarly situated

6  current and former University of Southern California ("USC") students who paid unlawful late fees

7  to the school.  USC charges exorbitant and unlawful late fees to increase revenue and profit

8  margins.  The Late Fees constitute unlawful penalties that are void and unenforceable under

9  California Civil Code § 1671 ("§ 1671"), are unlawful forfeitures under California Civil Code

10  § 3275 ("§ 3275"), and are unlawful and unfair under California's Unfair Competition Law, Bus. &

11  Prof. Code § 17200 *et seq.* (the "UCL").

12    2.    Plaintiffs and the members of the proposed Class are individuals who are or were

13  USC students in California, and who paid or were charged Late Fees in connection with

14  Defendant's services rendered in the State of California.

15    3.    Plaintiffs therefore seek to recover as damages and/or restitution all Late Fees paid

16  by members of the plaintiff classes, and any other relief available under Civil Code §§ 1671 and

17  3275; and  the UCL.

18                                        **THE PARTIES**

19    4.    Plaintiff Alejandra Chaisson is a resident of Santa Monica, California.  Plaintiff

20  Chaisson is a student at USC.  Within the past year, Plaintiff Chaisson has been charged and paid

21  Late Fees to USC, including a $300 late registration fee.  As a result thereof, Plaintiff Chaisson

22  suffered an injury in fact resulting in the loss of money and/or property.

23    5.    Plaintiff Grace Chong is a resident of El Monte, California.  Plaintiff Chong is a

24  student at USC.  Within the past year , Plaintiff Chong was charged and paid Late Fees to USC,

25  including a $200 late registration fee, and $100 late settlement fee.  As a result thereof, Plaintiff

26  Chong suffered an injury in fact resulting in the loss of money and/or property.

27

28

COMPLAINT                                                                            1

1    6.    Defendant USC is a California corporation, with its principal place of business in

2    Los Angeles County, California.

3    ## JURISDICTION AND VENUE

4    7.    This Court has subject matter jurisdiction over this class action.  This Court has

5    personal jurisdiction over the parties because Plaintiffs reside in California and submit to the

6    jurisdiction of the Court, and because Defendant, at all times relevant hereto, has systematically

7    and continually conducted, and continues to conduct, business in this State.  Defendant is also

8    headquartered and incorporated in this State.

9    8.    Venue is proper in this Court pursuant to Civil Code § 1780(d). Defendant conducts

10    business in this County and throughout the State of California.  Defendant's principal place of

11    business is in this County.

12    9.    Federal court subject matter jurisdiction over this action does not exist.  Diversity of

13    citizenship does not exist. Plaintiffs assert no federal question or violations of federal law in this

14    Complaint.  Plaintiffs' individual claims do not exceed $75,000.

15    ## FACTUAL ALLEGATIONS

16    10.    The basic legal relationship between a student and a university is contractual in

17    nature.   An implied contract is created by the students' conduct when they accept USC's offer of

18    enrollment.  Since a formal contract is not prepared between the student and the institution of

19    higher learning, the general nature and terms of the agreement are implied, with specific terms to

20    be found in other publications promulgated by USC.  Custom and practice also become specific

21    terms by implication.  The implied contractual terms at issue here stand on equal footing with

22    express terms.  The implied contract terms, of which the Late Fees are a part, will collectively be

23    referred to as the "Enrollment Agreement."

24    11.    Plaintiffs and putative class members are all either current or former students at

25    USC who were parties to implied-in-fact agreements with USC because they accepted USC's offer

26    of enrollment.   USC tells its students that "by registering for classes, you enter into a legally

27    binding financial obligation for all charges on your student account. Please see the Schedule of

28

Classes at usc.edu/soc for more information regarding tuition and fees, payment schedules, deadlines and registration procedures."[1]  Indeed, USC refers to students' enrollment at USC as creating a "contract."[2]

12.    A material term of the implied-in-fact contract is that students are required to comply with all USC policies and campus regulations.  Failure to comply with USC policies and campus regulations may be grounds for unilateral termination of the implied-in-fact contract between USC and students.

13.    Pursuant to custom, publications and policies promulgated by Defendant, the terms of the implied-in-fact contract require students to pay tuition and to enroll and register for classes by deadlines set by Defendant.  The obligation to timely pay tuition is a material term of the students' implied-in-fact contract because tuition is a core source of funding for Defendant, accounting for a significant portion of its total annual funding.  Failure to timely pay tuition is a breach of a material term.

14.    The obligation to enroll and register for classes by deadlines set by USC is also a material term of the students' implied-in-fact contract with USC.  Failure to timely enroll or register is a breach of a material term that results in late fees.

15.    Students at USC campuses have running accounts with USC for tuition, fees and miscellaneous campus charges and expenses that may be incurred in connection with the implied-in-fact contract.  USC imposes a specific day and time by which all payments under the account must be paid, called a "settlement deadline."  The obligation to meet the settlement deadline is a material term of the students' implied-in-fact contract with USC, and failure to meet the deadline is a breach of a material term that results in late fees.  As USC explains, "[a]ny charges not paid by the settlement deadline will result in your account being past due. This includes any payment rejected by the bank for insufficient funds. Past-due accounts are subject to late fees, finance charges and holds, which could prevent you from registering for classes."

_____

[1] *See* https://sfs.usc.edu/files/2019/05/uscsfs_brochure_final2019.pdf
[2] *See id.*

COMPLAINT                                                                                     3

16.     The late fees USC charges are not based on any financial harm USC may suffer as a result of the late fee-triggering event.  Instead, USC explicitly refers to these late fees as "penalties."  For instance, USC tells students that "[t]uition and fees are due upon registration regardless of the date on which your classes begin.  **The last day to pay without penalty** is printed on the monthly billing statement available on USCe.pay."[3]

17.     Similarly, USC's Financial and Business Services department describes limited circumstances under which the school may provide "**penalty waivers**" for late fees, while at the same time warning that "students who are simply late in registering or paying should not have their [late] fees waved."[4]

18.     The implied-in-fact contracts between USC and its students are retail contracts for the purchase of services primarily for personal, family or household use.  Federal agencies such as the U.S. Bureau of Labor Statistics consider university education to be a service.  *See* U.S. Bureau of Labor Statistics, Industries at a Glance, https://www.bls.gov/iag/tgs/ iag61.htm ("The Educational Services sector comprises establishments that provide instruction and training in a wide variety of subjects.  This instruction and training is provided by specialized establishments, such as schools, colleges, universities, and training centers. These establishments may be privately owned and operated for profit or not for profit, or they may be publicly owned and operated.") (Emphasis added).  The State Board of Education has also described universities as providers of "adult education services."  *See* A Master Plan for Higher Education in California, 1960-1975.  On its website, USC touts the broad array of services it provides its students, including "services and programs for academic advisement, peer tutoring, preparing for careers/graduate school, and more."[5]  The implied-in-fact contracts are "retail" because USC provides services directly to the public.[6]  These implied-in-fact contracts are for personal use because education fosters personal

---

[3] https://classes.usc.edu/term-20202/tuition-and-fees/
[4] https://fbs.usc.edu/departments/bursar-administration/transactions/
[5] https://undergrad.usc.edu/services/
[6] "Retail", Black's Law Dictionary (11th ed. 2019) ("The sale of goods or commodities to ultimate consumers, as opposed to the sale for further distribution or processing."); "Retail",

1    and professional development.  The implied-in-fact contracts are also for family and household use

2    because higher education tends to correlate with increased professional opportunities, income and

3    financial security, which in turn benefits students' households and families.  The Plaintiffs here

4    enrolled at USC for personal use and for family and household purposes.

5        19.    USC has charged and collected the above-described late fees from Plaintiffs and

6    other members of the proposed class.  This has been USC's consistent policy during the last four

7    years, at least.  USC has collected significant revenues from imposing the above-described late fees

8    on Plaintiffs and the members of the proposed class.

9        20.    The "Late Fees" at issue here include late registration fees, late settlement fees, and

10   all other late fees USC charges its students pursuant to implied-in-fact contracts.  USC sets late

11   registration and late settlement fees according to a simple sliding scale: $100 late fee for late

12   payment or late registration within the first week after the deadline, $200 late fee for late payment

13   or late registration within the second week after the deadline, and a $300 late fee for late payment

14   or late registration within the third week (or thereafter) after the deadline.  In other words, USC

15   adds a $100 late fee each week after the relevant deadline, up to $300 (plus interest, as discussed

16   herein).  As part of the Late Fees, USC also charges 1% monthly finance charges on all past-due

17   balances, which are charged *on top of* the aforementioned $100-$300 fees.  USC effectively

18   penalizes students twice, by charging a set $100 late fee per week, plus a *monthly* fee of 1% of the

19   past-due balance.  Considering that the estimated annual cost of attendance at USC is $77,847,[7] a

20   1% monthly late fee in the form of a "finance charge" can be in the hundreds of dollars (on top of

21   the $100 weekly late fees).  USC's brochure for the 2019-2020 calendar year, titled "PAYING

22   FOR USC 2019-2020," summarizes the Late Fees as follows[8]:

23

24

25

26   https://en.wikipedia.org/wiki/Retail ("Retail refers to the activity of selling goods or services
     directly to consumers or end-users").

27   [7] https://sfs.usc.edu/files/2019/05/uscsfs_brochure_final2019.pdf

28   [8] https://sfs.usc.edu/files/2019/05/uscsfs_brochure_final2019.pdf

COMPLAINT                                                                                    5

1

2

3

4

**Late Registration and Late Settlement Fees**

First week: $100        Second week: $100        Third week: $100

The university assesses a 1% monthly finance charge on all past-due balances.

5        21.        As an example of USC's Late Fees policy, Plaintiff Chaisson's February 2020 USC

6    statement contains a breakdown of all outstanding tuition and other fees, including the $300 late

7    fee, due and owing to USC.  In relevant part, the statement describes the finance and late fee policy

8    as follows:

9    **CALCULATION OF FINANCE CHARGE**

10        Your finance charge is calculated as the balance from your previous bill, less
        any payments made during the billing cycle, times the monthly periodic interest
11        rate. The monthly periodic rate is 1/12 of the annual rate. The minimum finance
        charge is one dollar ($1.00). If you pay your bill in full each and every month
12        by the payment due date you will not be assessed a finance charge. Only
        accounts with a previous unpaid balance will be assessed a finance charge. Any
13        deferred balance is not subject to a finance charge.

14        An account is considered delinquent if the full payment due is not received and
        posted to your account by 5:00 p.m. on the payment due date listed on the
15        statement.

16    **LATE FEES**

17        Late fees may be assessed in addition to finance charges. See the Schedule of
        Classes for details. It is your responsibility to be sure any payments made arrive
18        in time to be posted to your account before the due date. Please allow at least five
        (5) days for mail delivery. International, APO, and FPO should allow a longer
19        time for delivery.

        By registering for classes, you agree that you have read and accept the late fee
20        policy printed in the Schedule of Classes.

21        22.        As referenced in the statement, the Schedule of Classes posted on Defendant's

22    website is part of the implied-in-fact contract between enrolled students and USC.  In turn, the

23    Schedule of Classes for the Fall 2020 semester contains the following summary of Defendant's

24    Late Fee policy:[9]

25

26

27    _____
    [9] https://classes.usc.edu/term-20203/tuition-and-fees/

28

1

**Late Fees**

To avoid late fees, you must register and have your tuition, fees, housing, dining and all other charges paid or deferred by 5:00 p.m. PDT on the settlement deadline. If you fail to register and settle your account, you will be assessed late fees each week in accordance with the following schedule:

| August 21 | $100.00 |
| August 28 | $100.00 |
| September 4 | $100.00 |

Registration is not permitted after the third week of classes. The university currently assesses a monthly finance charge on all past due balances. The current annual rate is 12 percent, subject to change.

Non-receipt of a bill does not relieve you of this settlement deadline. Using the Web Registration auto scheduler feature but failing to register for any courses before the tuition and fees payment deadline is not a valid reason to request a waiver of the late registration fee.

Students whose checks are returned unpaid by the bank or whose credit card authorizations are declined by the bank will be subject to the late fees described above until their accounts are paid in full. See Billing Information.

23.     Defendant's Late Fee policy has remained substantively identical for *at least* the past six years.  For instance, the Schedule of Classes for the Spring 2020 was as follows:[10]

**Late Fees**

To avoid late fees, you must register and have your tuition, fees, housing, dining and all other charges paid or deferred by 5 p.m. PST on the settlement deadline. If you fail to register and settle your account, you will be assessed late fees each week in accordance with the following schedule:

| January 10 | $100.00 |
| January 17 | $100.00 |
| January 24 | $100.00 |

Registration is not permitted after the third week of classes. The university currently assesses a monthly finance charge on all past due balances. The current annual rate is 12 percent, subject to change.

Non-receipt of a bill does not relieve you of this settlement deadline. Using the Web Registration auto scheduler feature but failing to register for any courses before the tuition and fees payment deadline is not a valid reason to request a waiver of the late registration fee.

Students whose checks are returned unpaid by the bank or whose credit card authorizations are declined by the bank will be subject to the late fees described above until their accounts are paid in full. See Billing Information.

---

[10] Waybackmachine capture from November 8, 2019 version of USC's website, available at https://web.archive.org/web/20191108092108/https://classes.usc.edu/term-20201/tuition-and-fees/

24.     Indeed, the Schedule of Classes contained the identical Late Fee policy dating as far back as the fall of 2014, the last date for which records are publicly available:

**Late Fees**

To avoid late fees, you must register and have your tuition, fees, housing, dining and all other charges paid or deferred by 5:00 p.m. PDT on the settlement deadline. If you fail to register and settle your account, you will be assessed late fees each week in accordance with the following schedule:

| | |
|---|---|
| August 22 | $100.00 |
| August 29 | $100.00 |
| September 5 | $100.00 |

Registration is not permitted after the third week of classes. The university currently assesses a monthly finance charge on all past due balances. The current annual rate is 12 percent, subject to change.

Non-receipt of a bill does not relieve you of this settlement deadline. Using the Web Registration auto scheduler feature but failing to register for any courses before the tuition and fees payment deadline is not a valid reason to request a waiver of the late registration fee.

Students whose checks are returned unpaid by the bank or whose credit card authorizations are declined by the bank will be subject to the late fees described above until their accounts are paid in full. See Billing Information.

## CLASS ACTION ALLEGATIONS

25.     Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to the provision of Code of Civil Procedure § 382 and Civil Code § 1781.  Plaintiffs seek certification of the following class (the "Class"):

> All current or former students of USC who reside in California and paid or were charged one or more Late Fees imposed by Defendant within the past four years.  Any judicial officer to whom the Action is assigned is excluded from the Class.

26.     Plaintiffs reserve the right to modify or narrow the above class definition, or to seek certification of one or more subclasses, as warranted based on further investigation and discovery.

27.     <u>Numerosity of the Class</u>: The Class is composed of at least thousands of individuals, the joinder of which in one action would be impracticable.  The disposition of their claims through this class action will benefit both the parties and the Court.  The identities of individual members of the Class are ascertainable through Defendant's billing records.

COMPLAINT                                                                 8

28.  Existence and Predominance of Common Questions of Fact and Law: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class. The questions of law and fact common to the proposed Class predominate over questions affecting only individual class members.

29.  Such questions include, but are not limited to, the following:

a.  Whether the Defendant's Late Fees are illegal, void and unenforceable contractual penalties pursuant to Civil Code § 1671(d);

b.  Whether the Defendant's Late Fees are illegal, void, and unenforceable contractual forfeitures pursuant to Civil Code § 3275;

c.  Whether Defendant's Late Fees violate the UCL;

d.  Whether damages are extremely difficult or impracticable to determine;

e.  Whether Defendant conducted a reasonable endeavor, prior to imposing the Late Fees, to fix fair average compensation for losses, if any, that it suffers upon the occurrence of the condition that triggers the Late Fees, and if so, whether the Late Fees reflect the results of such a reasonable endeavor.

f.  Whether Defendant's Late Fees are unconscionable;

g.  Whether Plaintiffs and the proposed Class members are entitled to restitution of Late Fees paid to Defendant;

h.  Whether Plaintiffs and the proposed Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit; and

i.  Whether Defendant should be enjoined from collecting Late Fees and/or from enforcing the Late Fee provision in their existing contracts.

30.  Typicality: Plaintiffs are asserting claims that are typical of the proposed Class members' claims, having paid Late Fees to Defendant pursuant to the Enrollment Agreement. Plaintiffs and the proposed Class members have similarly suffered harm arising from Defendant's violations of the law, as alleged herein.

COMPLAINT                                                                                      9

31.     Adequacy: Plaintiffs are adequate representatives of the proposed Class.  Their interests do not conflict with, and are not antagonistic to, the interests of the members of that Class. They will fairly and adequately represent and protect the interests of the Class.

32.     Superiority: A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' and the proposed Class members' claims.  Plaintiffs and the members of the proposed Class have suffered irreparable harm as a result of Defendant's unfair, unlawful, and unconscionable conduct.  Because of the size of the individual Class members' claims, few, if any, proposed Class members could afford to seek legal redress for the wrongs complained of herein.  Absent the class action, the proposed Class members will continue to suffer losses and the violations of law described herein will continue without remedy, and Defendant will be permitted to retain the proceeds of their misdeeds.  Defendant continues to engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint.

**FIRST CAUSE OF ACTION**

**Violation of California Civil Code § 1671(d)**

33.     Plaintiffs incorporate herein by reference the allegations contained in all preceding paragraphs of this complaint.

34.     Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

35.     The Late Fees are impermissible liquidated damages provisions under California law.  The Late Fees themselves, the contractual provisions that provide for them and their imposition and collection by Defendant violate Civil Code § 1671(d) and are unlawful, void and unenforceable under that statute.

36.     Civil Code § 1671(d) states that a contractual provision, in a contract for the retail purchase or rental of personal property or services primarily for the party's personal, family, or household purposes, liquidating damages for the breach of the contract, is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount

1   of the damage sustained by a breach thereof, when, from the nature of the cause, it would be

2   impracticable or extremely difficult to fix that actual damage.

3        37.    If and to the extent that Defendant suffers, would suffer or has suffered any

4   damages upon the occurrence of the condition that triggers the Late Fees, it would not be

5   impracticable, nor would it be extremely difficult, to determine them with certainty.  Furthermore,

6   the Late Fees do not reflect a reasonable endeavor by Defendant to fix fair average compensation

7   for any harm that Defendant would suffer, may suffer or have suffered, if any, upon the occurrence

8   of the condition that triggers the Late Fees.  Moreover, they are – and under the circumstances

9   existing at the time the Enrollment Agreement was made, were – unreasonable and

10  unconscionable.  On information and belief, Defendant did not conduct a reasonable endeavor to

11  fix fair average compensation for losses, if any, that it incurs, would incur or has incurred by virtue

12  of any of the conditions that trigger the Late Fees.  The Late Fees were not negotiated or discussed

13  with Plaintiffs or the members of the proposed class, and were presented to Plaintiffs and members

14  of the proposed class on a take-it-or-leave it basis.

15       38.    The Late Fees are liquidated damages provisions that fail to comply with the

16  standards set forth in Civil Code § 1671(d), and therefore constitute impermissible contractual

17  penalties.  Defendant's imposition of Late Fees on Plaintiffs and the members of the Class violates,

18  and at all times relevant here to has violated, § 1671(d).  Defendant's collection of Late Fees from

19  Plaintiffs and the members of the Class likewise violates, and at all times relevant hereto has

20  violated, Civil Code § 1671(d).

21       39.    Plaintiffs and the members of the Class have suffered an injury in fact resulting in

22  the loss of money and/or property as a proximate result of the violations of law and wrongful

23  conduct of Defendant alleged herein.  Pursuant to Civil Code § 1671(d), Plaintiffs, individually and

24  on behalf of the members of the Class, seek an order of this Court providing all available relief,

25  including restitution and/or damages for all Late Fees paid by class members.

26       WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

27

28

## SECOND CAUSE OF ACTION

### Violation of California Civil Code § 3275

40.    Plaintiffs incorporate herein by reference the allegations contained in all preceding paragraphs of this complaint.

41.    Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

42.    The Late Fees are impermissible forfeiture provisions under California law.  The Late Fees themselves, the contractual provisions that provide for them and their imposition and collection by Defendant violate Civil Code § 3275 and are unlawful, void and unenforceable under that statute.

43.    Cal. Civil Code § 3275 states that "[w]henever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

44.    As discussed herein, Plaintiffs have incurred a forfeiture upon Defendant's charging and collection of the Late Fees upon the occurrence of the condition that triggers the Late Fees (*e.g.*, Plaintiffs' being late to make a payment).  The Late Fees are charged due to Plaintiffs' failure to comply with the provisions of the Enrollment Contracts and Housing Contracts, as discussed herein. Any breach by Plaintiffs' breach was not "grossly negligent, willful, or fraudulent."

45.    Plaintiffs and the members of the Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.  Pursuant to Civil Code § 3275, Plaintiffs, individually and on behalf of the members of the Class, seek an order of this Court providing all available relief, including restitution and/or damages for all Late Fees paid by class members.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Unlawful Business Practices in Violation of the Unfair Competition Law

### California Business and Professions Code §§ 17200 et seq.

46.     Plaintiffs incorporate herein by reference the allegations contained in all preceding paragraphs of this complaint.

47.     Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

48.     Defendant's continuing imposition, enforcement and collection of unlawful, unconscionable and unenforceable Late Fees constitutes an unlawful business practice in violation of Bus. & Prof. Code §§ 17200 et seq.  Plaintiffs and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

49.     Civil Code § 1671(d) states that a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.  Cal. Civil Code § 3275 states that "[w]henever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

50.     The Late Fees charged by Defendant to, and collected by Defendant from, Plaintiffs and the members of the Class are unlawful liquidated damages provisions under Civil Code § 1671(d) for the reasons set forth above.  As a result of their inclusion of the Late Fees provisions in the Enrollment Agreement, and their imposition and collection of the Late Fees, Defendant has violated Civil Code § 1671(d).  For the reasons discussed above, Defendant's imposition and collection of the Late Fees also violates Civil Code § 3275.

51.     The inclusion of the Late Fees provision in the Enrollment Agreement, and Defendant's imposition of the Late Fees on, and collection of the Late Fees from, Plaintiffs and the

COMPLAINT                                                                                          13

1    members of the Class also violate Civil Code § 1670.5 because the Late Fees are unconscionable.

2    Prospective students have no meaningful choice with respect to the inclusion of the Late Fees in

3    the Enrollment Agreement nor in the amount of the Late Fees.  The Enrollment Agreement is

4    drafted by Defendant and presented to prospective members on a "take it or leave it" basis with no

5    opportunity or possibility of negotiating any different terms and conditions with Defendant.

6    Moreover, the amounts of the Late Fees are hidden in separate documents online that are difficult

7    for students to find.  The Late Fees provisions in the Enrollment Agreement are therefore

8    procedurally unconscionable.

9           52.    The Late Fees are unreasonably favorable to Defendant and unduly harsh with

10   respect to Defendant's students, and therefore, are substantively unconscionable.  For example, the

11   Late Fees have no relationship whatsoever to any damages incurred by Defendant, if any, upon the

12   occurrence of the condition that triggers the Late Fees.

13          53.    Plaintiffs and the members of the Class have suffered an injury in fact resulting in

14   the loss of money or property as a result of having paid the Late Fees.

15          54.    Pursuant to Bus. & Prof. Code § 17203, Plaintiffs seek an order of this Court

16   permanently enjoining Defendant from continuing to engage in their unfair and unlawful conduct

17   as alleged herein.  Plaintiffs also seek all available relief under the UCL, including, inter alia, an

18   order requiring Defendant to:

19          a.     Immediately cease their unlawful acts and practices;

20          b.     Make full restitution of all monies wrongfully obtained; and

21          c.     Disgorge all ill-gotten revenues and/or profits.

22   WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

23                          **FOURTH CAUSE OF ACTION**

24   **Unfair Business Practices in Violation of Business and Professions Code**

25                          **§§ 17200 et seq.**

26          55.    Plaintiffs incorporate herein by reference the allegations contained in all preceding

27   paragraphs of this complaint.

28

COMPLAINT                                                                                     14

56. Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

57. The conduct of Defendant, as herein alleged, constitutes an unfair business practice within the meaning of Bus. & Prof. Code §§ 17200, et seq.

58. Defendant violated the "unfair" prong of the UCL by requiring students to enter into contracts of adhesion that include the Late Fees provision, by enforcing the contractual provisions that provide for the imposition of the Late Fees and by imposing and collecting the Late Fees.

59. Defendant's said practices with respect to Late Fees violate the "unfair" prong of the UCL because the Late Fees: (1) constitute unfair and wrongful penalties inconsistent with the language and policy of Civil Code § 1671 and are unlawful forfeiture provisions pursuant to Civil Code § 3275; and (2) constitute unconscionable provisions, in violation of various laws and policies recognized by the California Legislature and the California courts, including without limitation Civil Code § 1670.5.

60. Defendant's said practices with respect to the Late Fees also violate the "unfair" prong of the UCL because the utility of the Late Fees is significantly outweighed by the gravity of the harm that they impose on students.  The Late Fees have limited or no utility as compared with alternatives that would more fairly measure the harm (if any) incurred by Defendant upon the occurrence of the condition that triggers the Late Fees.  The gravity of the harm that the Late Fees impose on students is substantial in that they exceed the actual amount of harm (if any) incurred by Defendant upon the occurrence of the condition that triggers the Late Fees.  Through their imposition and collection of the Late Fees from the members of the Class, Defendant has been massively and unjustly enriched.  Defendant's Late Fees also violate the "unfair" prong of the UCL because their inclusion in the Agreements, imposition and collection are and at all times relevant hereto have been oppressive, unscrupulous or substantially injurious to consumers.

61. Defendant's said practices with respect to the Late Fees also violate the "unfair" prong of the UCL because the Late Fees, the provision of the Enrollment Agreement imposing the Late Fees, and Defendant's enforcement of them through the imposition and collection thereof

1     cause substantial harm that is not outweighed by countervailing benefits to students or competition,

2     and students could not reasonably have avoided the harm.

3         62.     Defendant's practices with respect to the Late Fees also violate the "unfair" prong

4     of the UCL for the reasons set forth in the First, Second, and Third Causes of Action, above.

5         63.     Plaintiffs and the members of the Class have suffered an injury in fact resulting in

6     the loss of money or property as a result, inter alia, of having paid the Late Fees.

7         64.     Pursuant to Bus. & Prof. Code § 17203, Plaintiffs seek an order of this Court

8     permanently enjoining Defendant from continuing to engage in their unfair and unlawful conduct

9     as alleged herein.  Plaintiffs seek all available relief under the UCL, including, inter alia, an order

10    requiring Defendant to:

11         a.     Immediately cease their unlawful acts and practices;

12         b.     Make full restitution of all monies wrongfully obtained; and

13         c.     Disgorge all ill-gotten revenues and /or profits.

14     WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

15                       **PRAYER FOR RELIEF**

16     WHEREFORE, Plaintiffs, individually and on behalf of the members of the Class, pray:

17         A.     For an order certifying the Class and appointing Plaintiffs and the undersigned

18     counsel of record to represent the Class;

19         B.     For compensatory damages and/or full restitution of all funds acquired from

20     Defendant's violations of law;

21         C.     For costs of suit herein;

22         D.     For both pre- and post-judgment interest on any amounts awarded;

23         E.     For payment of reasonable attorneys' fees; and

24         F.     For such other and further relief as the Court may deem proper.

25                      **DEMAND FOR JURY TRIAL**

26     Plaintiffs hereby demand a trial by jury.

27

28

---

COMPLAINT                                      16

1   Dated: July 14, 2020          **BURSOR & FISHER, P.A.**

2
                                  By: _____
3                                           Yeremey Krivoshey

4                                 L. Timothy Fisher (State Bar No. 191626)
                                  Joel D. Smith (State Bar No. 244902)
5                                 Yeremey O. Krivoshey (State Bar No. 295032)
                                  1990 North California Blvd., Suite 940
6                                 Walnut Creek, CA 94596
                                  Telephone: (925) 300-4455
7                                 Facsimile:  (925) 407-2700
                                  E-mail: ltfisher@bursor.com
8                                          jsmith@bursor.com
                                           ykrivoshey@bursor.com
9
                                  **BURSOR & FISHER, P.A.**
10                                Scott A. Bursor (SBN 276006)
                                  701 Brickell Avenue, Suite 1420
11                                Miami, FL 33131
                                  Telephone: (305) 330-5512
12                                Facsimile: (305) 676-9006
                                  E-Mail: scott@bursor.com
13
                                  *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                                    17



| Attorney or Party without Attorney:<br>L. TIMOTHY FISHER (#SBN 191626)<br>Bursor & Fisher, P.A.<br>1990 N California Blvd Suite 940<br>Walnut Creek, CA 94596<br>Telephone No: 925-300-4455<br><br>Attorney For: Plaintiff | For Court Use Only<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 2 5 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Maisha Pryor |
|---|---|

| Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF LOS ANGELES

Plaintiff: ALEJANDRA CHAISSON AND GRACE CHONG, individually and on behalf of all others similarly situated
Defendant: UNIVERSITY OF SOUTHERN CALIFORNIA

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>20STCV27062 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT; COURT ORDER REGARDING NEWLY FILED CLASS ACTION; INITIAL STATUS CONFERENCE ORDER

3. a. Party served: University of Southern California
   b. Person served: BEONG SOO KIM, AGENT FOR SERVICE OF PROCESS

4. Address where the party was served: 3667 McClintock Ave, Los Angeles, CA 90089

5. I served the party:
   b. **by substituted service.** On: Wed, Aug 19 2020 at: 01:19 PM I left the documents listed in item 2 with or in the presence of: Officer Simpson , African American , Male , Age: 65 , Hair: Gray , Eyes: Brown , Height: 5'11" , Weight: 200 .

   (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [X] **(Declaration of Mailing)** is attached.
   (5) [ ] **(Declaration of Diligence)** attached stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: University of Southern California
      under the following Code of Civil Procedure section:

|  |  |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [X] 416.50 (public entity) | [ ] 415.46 (occupant) |
| [ ] other: | |

*RECEIVED*
AUG 2 5 2020
*FILING WINDOW*

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE**<br>**SUMMONS** | 4784734<br>(7739420)<br>Page 1 of 2 |
|---|---|---|

FL FIRSTLEGAL

| Attorney or Party without Attorney:<br>L. TIMOTHY FISHER (#SBN 191626)<br>Bursor & Fisher, P.A.<br>1990 N California Blvd Suite 940<br>Walnut Creek, CA 94596<br>  Telephone No: 925-300-4455 | | For Court Use Only |
|---|---|---|
|   Attorney For: Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF LOS ANGELES | | |
| Plaintiff: ALEJANDRA CHAISSON AND GRACE CHONG, individually and on behalf of<br>        all others similarly situated<br>Defendant: UNIVERSITY OF SOUTHERN CALIFORNIA | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>20STCV27062 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
  a.  Name:          Henry Flores
  b.  Address:      **FIRST LEGAL**
                    1202 Howard Street
                    SAN FRANCISCO, CA 94103
  c.  Telephone number:  (415) 626-3111
  d.  **The fee** for service was:  $306.84
  e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
          (i)   ☐ owner  ☐ employee  ☒ independent contractor
          (ii)  Registration No:  2013126339, Los Angeles
          (iii)  County:  Los Angeles County

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

                                    08/25/2020
                                       (Date)                                   Henry Flores



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE
SUMMONS**

4784734
(7739420)
**Page 2 of 2**

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| L. TIMOTHY FISHER (#SBN 191626) <br> Bursor & Fisher, P.A. <br> 1990 N California Blvd Suite 940 <br> Walnut Creek, CA 94596 <br> *Telephone No:*  925-300-4455 <br> *Attorney For:*  Plaintiff | *Ref. No. or File No.:* | |

| Insert name of Court, and Judicial District and Branch Court: <br> IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF LOS ANGELES |
|---|
| *Plaintiff:*  ALEJANDRA CHAISSON AND GRACE CHONG, individually and on behalf of all others similarly situated <br> *Defendant:*  UNIVERSITY OF SOUTHERN CALIFORNIA |

| PROOF OF SERVICE <br> By Mail | Hearing Date: | Time: | Dept/Div: | Case Number: <br> 20STCV27062 |
|---|---|---|---|---|

1.   *I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.*

2.   I served copies of the SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT; COURT ORDER REGARDING NEWLY FILED CLASS ACTION; INITIAL STATUS CONFERENCE ORDER

3.   By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
    a. Date of Mailing: Wed, Aug 19, 2020
    b. Place of Mailing: SAN FRANCISCO, CA
    c. Addressed as follows: University of Southern California - BEONG SOO KIM, AGENT FOR SERVICE OF PROCESS
         3667 McClintock Ave, Los Angeles, CA 90089

4.   *I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Wed, Aug 19, 2020 in the ordinary course of business.*

Recoverable cost Per CCP 1033.5(a)(4)(B)

5.   *Person Serving:*
    a. Juan Cruz
    **b. FIRST LEGAL**
       1202 Howard Street
       SAN FRANCISCO, CA 94103
    c. (415) 626-3111

    d. *The Fee* for Service was: $306.84
    e. I am: Not a Registered California Process Server

6.   *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

_Signature_

|  |  |
|---|---|
| 08/25/2020 | |
| *(Date)* | *Juan Cruz* |



Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE
BY MAIL**

4784734
(7739420)

08/28/2020