JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4923 FMO (KSx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order Re: Motion to Remand

Having reviewed the briefing filed with respect to plaintiffs' Motion to Remand and for Fees and Costs (Dkt. 15, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On July 14, 2020, plaintiffs Alejandra Chaisson and Grace Chong (collectively, "plaintiffs") filed a putative class action complaint in the Los Angeles County Superior Court ("state court") against the University of Southern California ("defendant" or "USC"), related to late fees charged by USC.  (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-2); (Dkt. 1-3, Complaint).  On May 11, 2021, plaintiffs filed the operative Second Amended Complaint ("SAC"), which asserted various state law claims, and "maintained the same class definition as the original Complaint:  All current or former students of USC who reside in California and paid or were charged one or more Late Fees imposed by Defendant within the past four years."  (Dkt. 1, NOR at ¶ 20) (internal quotation marks omitted); (Dkt. 2-3, SAC at ¶ 25).

On June 22, 2022, plaintiffs filed a motion for class certification, which sought to certify a nationwide class rather than the more narrow California-only class set forth in the SAC (and prior iterations of the complaint).  (Dkt. 1 NOR at ¶¶ 26, 33).  On the basis of the motion to certify, USC removed the action pursuant to CAFA.[1]  (Id. at ¶¶ 34-36, 39).

## DISCUSSION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized

---

[1] "CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members."  Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4923 FMO (KSx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).

Section 1446(b)(1) of Title 28 of the United States Code requires a defendant to remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Although plaintiffs filed their initial Complaint on July 14, 2020, and the operative SAC on May 11, 2021, USC maintains that removal was timely because the original, First Amended Complaint, and SAC defined the class so as to include only California residents, and since USC is a California citizen, diversity jurisdiction under CAFA did not exist. (See Dkt. 1, NOR at ¶ 33) ("Because USC is a California citizen for jurisdictional purposes, on the face of the prior complaints, this single-state California-only class lacked total diversity required to remove . . . under 28 U.S.C. §§ 1332 and 1446 or minimal diversity required to remove under CAFA."). According to USC, its July 18, 2022, removal is timely because the motion to certify, which was filed on June 22, 2022, included an expanded nationwide class definition, and thus provided CAFA jurisdiction. (See id. at ¶¶ 34-35) ("This notice of removal is . . . timely because it is filed within thirty . . . days from June 22, 2022, the date on which USC received Plaintiffs' motion for class certification, which changed the class definition[.]"). USC contends that the motion for "class certification constitutes a 'motion' or 'other paper' from which removability and CAFA jurisdiction may be ascertained." (Dkt. 18, Defendant's Opposition to Plaintiffs' Motion to Remand and for Fees and Costs ("Opp.") at 7); see 28 U.S.C. § 1446(b)(3).

However, as plaintiffs contend, the case was not removable based on their motion to certify. When USC removed the action, the state court had neither certified a nationwide class, nor granted plaintiffs' motion to amend the complaint to include an expanded class definition. (See Dkt. 15-1, Plaintiffs' Memorandum in Support of Motion to Remand and for Fees and Costs ("Memo") at 1, 6). The operative complaint, the SAC, continues to seek relief only as to a California class. As a result, USC's removal was premised not on this court having CAFA jurisdiction, but on the possibility that at some point it could. As the court in Sullivan v. Conway, 157 F.3d 1092 (7th Cir. 1998) put it in addressing a similar situation:

Until the state judge granted the motion to amend, there was no basis for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4923 FMO (KSx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

> removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language that we quoted [28 U.S.C. § 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge.

Id. at 1094. Both the motion for class certification and motion to amend to expand the class definition had not been granted when USC removed this action. (Dkt. 15-1, Memo at 1, 6). Thus, at that point, "there was no basis for removal." Sullivan, 157 F.3d at 1094.

USC argues that Sullivan and related cases address "motion[s] for leave to amend the complaint or a draft amended complaint, not a motion for class certification, and stand for the unremarkable proposition that, in the context of a proposed amended complaint, the majority rule is that the time period for removal does not start to run until a court authorizes the filing of an amended complaint[.]" (Dkt. 18, Opp. at 10). However, the reasoning in Sullivan is not limited to motions to amend the complaint. See, e.g., Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188-89 (9th Cir. 2015) ("For removal purposes, [a] certification order is functionally indistinguishable from an order permitting the amendment of pleadings to alter the class definition, creating CAFA jurisdiction for the first time."). Indeed, the Ninth Circuit in Reyes rejected the plaintiff's contention that removal was untimely because it occurred more than 30 days after the state court issued its tentative ruling on the class certification motion, noting that "[t]he tentative ruling had no jurisdictional effect precisely because it was tentative." Id. at 1189 (citing Sullivan, 157 F.3d at 1094)).

Thus, the court finds that the pending motion for class certification did not render this action removable under CAFA.[2] Accordingly, the court will grant plaintiffs' Motion and remand the action.[3]

---

[2] Based on this determination, the court will not address plaintiffs' remaining contentions.

[3] Plaintiffs seek an award of attorney's fees and costs in connection with the Motion. (See Dkt. 15, Motion at 1); (Dkt. 15-1, Memo at 14-15). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Here, the court finds that attorney's fees under 28 U.S.C. § 1447(c) are unwarranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4923 FMO (KSx) | Date | October 17, 2022 |
|---|---|---|---|
| Title | Alejandra Chaisson, et al. v. University of Southern California | | |

**CONCLUSION**

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand **(Document No. 15)** is **granted in part** and **denied in part**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles.

3. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |